on the allegations of the petition which were admitted in the answer of the Commissioner, from which the Board makes the following

### FINDINGS OF FACT.

The taxpayer was a citizen of Newark, N. J. He died on November 23, 1924. He owned one-half of the outstanding capital stock of the Mercantile Realty & Improvement Co., a New Jersey corporation, with outstanding capital stock of $225,000 par value, and during the years 1914 to 1918, inclusive, advanced to that corporation the aggregate amount of $12,000 to make up half of the operating deficit, from the obligation of repaying which he released the corporation in January, 1919.

The following resolution was adopted by the board of directors of the said corporation on January 28, 1919, with respect to the release of the claim of $12,000 by the taxpayer:

Matter of securing release from Jos. M. Byrne and Arthur G. Hensler in the sum of $12,000 each, was discussed. The Secretary-Treasurer stated that the books showed the Company indebted to each of them for the above amount, same being total of various sums paid by them in cash during the years 1914 to 1918, inclusive, to make up loss in running building 776 Broad St., owned by this Company, in which they are the principal stockholders.

After discussion Messrs. Byrne and Hensler signified their willingness to each take the loss and cancel the debt by giving the Mercantile Realty and Improvement Company a release, dated January 1, 1919.

In June, 1921, the said corporation was dissolved and its assets were distributed in liquidation.

### DECISION.

The determination of the Commissioner is approved.

---

**Appeal of R. D. FLEMING CO.**       **Docket No. 736.**

Submitted March 31, 1925; decided April 13, 1925.

*Newell W. Ellison, Esq.*, for the taxpayer.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before GRAUPNER, LANSDON, and GREEN.

A hearing was had on this appeal March 31, 1925. From the pleadings and from the statement made by counsel for the Commissioner at the hearing the Board makes the following

### FINDINGS OF FACT.

The taxpayer is a Pennsylvania corporation with principal office at 1004 State Street, Erie, Pa. The deficiency letter from which this appeal is taken was mailed to the taxpayer September 22, 1924, and states a deficiency of $1,152.16 in income and profits taxes for the fiscal years ended January 31, 1919, 1920, and 1921.

DECISION.

The Commissioner confessed error and the deficiency determined by him is disallowed.

---

Appeal of **LYNN IDEAL SHOE CO.**     Docket No. 1699.

Submitted April 6, 1925; decided April 13, 1925.

*Samuel J. Stone, C. P. A.*, for the taxpayer.
*Willis D. Nance, Esq.*, for the Commissioner.

Before PHILLIPS, SMITH, and TRUSSELL.

The taxpayer appeals from an alleged deficiency in income and profits taxes for the year 1920, in the amount of $1,200.62. The question involved is the right of the taxpayer to deduct from the gross income of 1920, under section 204 of the Revenue Act of 1918, a net loss sustained for the period January 21 to December 31, 1919.

FINDINGS OF FACT.

The taxpayer was incorporated January 21, 1919, and sustained a net operating loss of $4,056.58 for the period January 21 to December 31, 1919.

DECISION.

In accordance with the decision in the *Appeal of Butler's Warehouses, Inc.*, 1 B. T. A. 851, the determination of the Commissioner of a deficiency in tax for the year 1920, in the amount of $1,200.62, is approved.

---

Appeal of **J. M. EDMUNDS.**     Docket No. 1842.

Submitted April 2, 1925; decided April 13, 1925.

*H. H. Shelton, Esq.*, for the taxpayer.
*W. Frank Gibbs, Esq.*, for the Commissioner.

Before GRAUPNER and LANSDON.

This appeal is from a determination by the Commissioner of additional tax liability of the taxpayer for income tax for the year 1918, and results from the ruling of the Commissioner that a certain salary payment of $20,000 was received in 1918 instead of 1919, as the taxpayer contends. All the facts were stipulated in writing, and from such stipulation and the allegations of the petition admitted by the Commissioner, the Board makes the following

FINDINGS OF FACT.

1. The taxpayer is an individual who resides in Danville, Virginia. During the year 1918 he was a stockholder, an officer, and